```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MICHAEL A. BROWN,**
                          **Petitioner,**

       v.                                     CASE NO. 05-3437-SAC

**DAVID R. MCKUNE, et al.,**
                          **Respondents.**

## O R D E R

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. By an order dated June 1, 2006, the court directed respondents to supplement their answer and return to address petitioner's pending state court motion regarding the challenged conviction and sentence. Respondents' supplemental pleading essentially confirms that there is a pending state court action that is relevant to the conviction at issue in this habeas action. Respondents now contend this action is subject to being: (1) dismissed without prejudice because petitioner has not yet fully exhausted his state court remedies; (2) stayed by the court to allow petitioner to complete litigation and appeal on the pending state court motion; or (3) decided on the merits of the claims asserted in the petition because petitioner's simultaneous filings in both state and federal courts constitutes waiver of federal habeas review of any claims asserted in the pending state court action.

In response, petitioner filed a motion for the voluntary dismissal of his petition without prejudice to allow his full

exhaustion of state court remedies.

Having reviewed the record, the court grants petitioner's motion. Petitioner is reminded that a one year limitations period applies to the filing of a petition for federal habeas corpus relief, *see* 28 U.S.C. § 2244(d)(1)(A)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."), and that the running of this limitations period is subject to statutory tolling, *see* 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending). Because it appears that a stay of this matter is not required to preserve federal habeas review of the claims filed in this action,[1] the court finds a stay of this matter is not warranted. *See* Duncan v. Walker, 533 U.S. 167, 182 (2001)(Concurring Opinion, J. Stevens)(stay of § 2254 action is appropriate when failure to retain jurisdiction would foreclose

---

[1] It appears petitioner's conviction became final, for purposes of starting the running of this statutory limitations period, in April 2002 upon expiration of the time for seeking review by the United States Supreme Court in petitioner's direct appeal. Petitioner's filing of a motion for post-conviction relief under K.S.A. 60-1507 on July 10, 2002, stopped ("tolled") the running of that statutory limitations period until the Kansas Supreme Court denied further review on May 3, 2005. The remainder of the one year limitations period then resumed running, and presumably stopped again on July 29, 2005, when petitioner filed the post-conviction motion which is currently pending in the state courts. Once this pending state court action is final, the time remaining in the one year limitations period resumes running.

federal review of meritorious claims through lapse of § 2244(d)(1) limitations period).

IT IS THEREFORE ORDERED that petitioner's motion for the voluntary dismissal of this action without prejudice (Doc. 18) is granted.

**IT IS SO ORDERED.**

DATED:  This 18th day of July 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge